IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHASE NEILL,**

    **Plaintiff,**

    v.                                                  **CASE NO. 23-3137-JAR**

**PAMELA NEILL, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER**

Plaintiff proceeds pro se on this Complaint for a Civil Case. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is in custody at USP-Leavenworth in Leavenworth, Kansas ("USPL").

**I. Nature of the Matter before the Court**

Plaintiff asserts that he is raising claims for defamation and false light under K.S.A. § 40-2404. (Doc. 1–1, at 6.) Plaintiff claims that he is the male "heir of Ephraim," or more specifically the anointed and "young son" of the family to which the inheritance of Ephraim was given. *Id*. He claims that on June 9, 2022, Defendants Pamela Neill (his mother) and Richard Smith (her attorney):

> produced several libelous claims agains[t] Plaintiff alleging that there was a need to declare the Plaintiff incompetent of being an adult and that there was a need to both ward him and seize control of his rights based upon those libelous claims, in violation of K.S.A. § 40-2404, and in so doing caused extremely aggrieving tragedy upon the Plaintiff's life—injuring his spirit, his body, his soul, his emotional capacities, his good name and reputation, and even his rights of free exercise of religion, causing to severely intimidate his ability to freely express himself, to freely engage with God in oral conversation, to even love God. They offered nothing but hatred.

1

*Id*. at 1, 3. Plaintiff alleges that these defamatory statements were made in State of Kansas Case Nos. 2022PR134 and 2022CT40. *Id*. at 3. Plaintiff also alleges that the state proceedings included defamation and false light invasion of Plaintiff's privacy rights. *Id*. Plaintiff contends that Defendant Neill's false light and defamatory statements were also used in his federal criminal case.[1] *Id*. at 5–6. Plaintiff alleges that Andreniek King provided false, slanderous, and defamatory statements to an FBI agent, all in violation of K.S.A. § 40-2404. *Id*. at 8, 12. Plaintiff alleges that Defendant Hogsett made defamatory statements to Plaintiff's court-appointed defense counsel in Plaintiff's federal criminal case. *Id*. at 12.

Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1443(1). (Doc. 1, at 3; Doc. 1–1, at 6.) Plaintiff asserts that he is raising his issues under 28 U.S.C. § 1443(1) "raising the State of Kansas offense of False Light & Defamation." (Doc. 1, at 3.)

Plaintiff names as defendants: Pamela Neill; Richard Smith; Tamara Hogsett; Andreniek King; and William Bishop. Plaintiff seeks declaratory relief, $4 million in punitive damages, and "$2-million for actual damages, to restore the reputation and public image of the Plaintiff, including to hire attornies [sic] for subsequent litigation which may have resulted from this misconduct, and for spiritual therapy necessary to heal the negative affect which he was affected from as a result of the defamatory accusations being observed by others who believed they were real." (Doc. 1–1, at 16.)

---

[1] Plaintiff has previously been advised that any challenges to the validity of his sentence in his federal criminal case must be presented in habeas corpus, and before he may proceed in a federal civil action based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *See Neill v. Hunting*, Case No. 23-3131, Doc. 6 (D. Kan. June 12, 2023) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

## II. Statutory Screening

The Court granted Plaintiff leave to proceed in forma pauperis. The Court must dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. Discussion

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means

that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

Plaintiff does not invoke either basis for original jurisdiction in this court. Plaintiff raises defamation and false light claims under Kansas law, citing K.S.A. § 40-2404. That statute deals with the "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance." *See* K.S.A. § 40-2404. Nothing in Plaintiff's claims relates to the business of insurance. Furthermore, the Kansas Act does not provide a private cause of action. *See Bonnell v. Bank of America*, 284 F. Supp. 2d 1284, 1289 (D. Kan. 2003) (citations omitted); *Evangel Assembly of God v. Brotherhood Mutual Ins. Co.*, 2021 WL 4206335, at *1 (D. Kan. 2021) (finding that the statute sets forth prohibited practices in the insurance industry and "[t]hat statutory scheme . . . does not provide a private cause of action.") (citations omitted).

Plaintiff only asserts state law claims. It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation); *Grant v. First Premier Bank*, 2017 WL 2807496, at n.2 (D. Kan. 2017) ("If plaintiff meant to assert a federal claim under § 1983 in addition to a state law defamation claim, that legal theory fails to state a claim upon which relief can be granted. Plaintiff's Amended Complaint alleges no facts showing that defendant is a state actor who one can hold liable under section 1983.").

Seemingly appreciating this roadblock, Plaintiff argues that his state law claims should be heard in federal court pursuant to 28 U.S.C. § 1443(1). Section 1443 is a removal statute and provides for the removal "by the defendant" of an action "commenced in State court." 28 U.S.C. § 1443. Plaintiff attempts to argue that he is unable to bring his claims in state court because USPL does not permit him to receive guidance from their attorney or access to the Kansas statutes, and "because the Plaintiff is unable to locate the correct jurisdiction and/or venue statutes of the Kansas Statutes Annotated (K.S.A.) and by such deprivation of access is denied the right to enforce in the court of the State of Kansas a right to the protection from defamation and false light invasion into privacy." (Doc. 1–1, at 14.) Plaintiff believes he should be allowed to utilize the removal statute through a waiver of "the prerequisite that the civil action be filed in the State Court." *Id*. Plaintiff alleges that he must bring his claims in federal court "because he only knows the federal court jurisdiction and venue statutes." *Id*.

Under 28 U.S.C. § 1443(1), a defendant may remove a state civil action or state criminal case to a federal district court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings." *Massachusetts v. Libertad*, Civ. Action No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)). "A state court defendant's claim that 'prosecution and

5

conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Plaintiff does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219. The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Id*. (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).

Plaintiff's allegations are insufficient to support removal under § 1443(1). He is attempting to initiate a case in federal court, not remove a case in which he is a "defendant" in a pending state court proceeding. Plaintiff is attempting to bring state law claims in federal court by use of the removal statute, without the necessary pending state court proceeding. *See Wiste's LLC v. American Select Ins. Co.*, 2019 WL 2577901, at *1 (D. Minn. 2019) (finding notice of removal defective where there was no state action to remove and the removal statutes refer to actions "brought in a State court").

Plaintiff does not invoke either basis for original jurisdiction in this Court, nor has the Court located any support for a *plaintiff* utilizing the removal statutes to *initiate* a case in federal court based solely on state law claims. "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking the federal jurisdiction bears the burden of proof . . . ." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)

6

(quoting *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)). Plaintiff has failed to meet this burden of proof and the Court dismisses this case for lack of subject-matter jurisdiction.

Plaintiff has filed a motion (Doc. 8) objecting to the initial partial filing fee assessed by the Court. The Court will treat the motion as a request to waive the initial fee and will grant the request based on Plaintiff's allegation that he is unable to pay the initial fee. Any other requests or allegations in the motion are denied.

Plaintiff has filed a motion (Doc. 9) seeking to have the Court or the Marshals provide service in this case. Because the Court is dismissing this case, the motion is denied as moot.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 8) requesting a waiver of the initial partial filing fee is **granted** to the extent that the Court will waive the fee based on Plaintiff's inability to pay the fee. To the extent Plaintiff seeks any other relief in the motion it is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (Doc. 9) seeking to have the Court or the Marshals provide service in this case is **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk is directed to redact the dates of birth and phone numbers on Doc. 1–2, at 8, 9, and 13.

**IT IS SO ORDERED**.

**Dated June 21, 2023, in Kansas City, Kansas.**

                                        **S/ Julie A. Robinson**
                                        **JULIE A. ROBINSON**
                                        **UNITED STATES DISTRICT JUDGE**